CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
11/5/2019
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal Case No. 6:03cr70047-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **DEWAYNE L. CREWS,** | ) | By: Norman K. Moon |
|     Petitioner. | ) | Senior United States District Judge |

Dewayne L. Crews, proceeding *pro se*, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, challenging the sentence I imposed in July 2011 upon revoking his supervised release term. Crews is currently in the custody of the Virginia Department of Corrections ("VDOC") and has an approximate release date of September 16, 2021, according to the offender locator information on VDOC's website. *See* https://vadoc.virginia.gov/general-public/offender-locator (last visited November 5, 2019). Thereafter, he will presumably be transferred to the custody of the Bureau of Prisons to serve the July 2011 sentence.

The United States has moved to dismiss the motion as untimely. (Dkt. No. 64.) Despite being notified of the filing of the motion and his opportunity to respond (Dkt. No. 65), Crews filed no response in this court. However, in another motion submitted to the U.S. Court of Appeals for the Fourth Circuit and returned to this court for docketing, he seeks to add another ground to his § 2255 motion and he also offers some statements concerning why his motion was not timely filed. (*See* Dkt. No. 68.) Rather than treat the new filing as a separate § 2255 motion, I directed the Clerk's office to docket it as a supplemental motion. Thus, I will treat the grounds in both motions as having been raised in this case. I will also consider Crews' statements as to timeliness as his response to the United States' motion. Having considered the entire record, I conclude that his motions must be dismissed as untimely.

I.

In 2004, after Crews pled guilty of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), I sentenced him to 88 months of imprisonment. (Dkt. No. 24.) His sentence was later reduced pursuant to a sentencing guideline amendment. (Dkt. No. 28.) He completed service of his initial sentence and was released to serve his four-year term of supervised release. On July 11, 2011, I found that Crews had violated the terms of his supervised release, and I revoked his release term and imposed a sentence of 52 months of imprisonment. (Dkt. No. 44.) That revocation judgment, which is the one Crews challenges in his § 2255 motion, was entered on July 11, 2011.[1] That judgment was silent on the issue of whether it should run consecutive or concurrent with any state sentence. (Dkt. No. 44.) Crews did not appeal.[2]

Crews filed his § 2255 motion on May 7, 2019. The government moved to dismiss the motion as untimely. As noted, Crews failed to file a response, but I treat his statements concerning timeliness in his later-filed § 2255 motion (Dkt. No. 68) as arguments in opposition to the motion to dismiss.

II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court, or (4) the date on which the

---

[1] Both of Crews' motions, which contain this case number, reference a 54-month sentence imposed in January 2012. (Dkt. No. 62 at 1; Dkt. No. 68 at 1.) There is no such sentence and the only revocation sentence imposed in this case was the July 11, 2011 sentence.

[2] In its motion to dismiss, the United States mistakenly states that Crews appealed (Dkt. No. 64 at 1), but his appeal was only from a later order denying his § 3582(c) motion for a sentence reduction. (Dkt. Nos. 51, 55.)

factual predicate for the motion could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f). For purposes of the one-year limitations period under § 2255(f)(1), the defendant's conviction becomes final when the last appeal is decided or the time to file such an appeal expires. *United States v. Johnson*, 203 F.3d 823, 2000 WL 37753, at *1 (4th Cir. 2000) (unpublished table decision); *cf. Clay v. United States*, 537 U.S. 522, 528 (2003) (holding that where a petition for certiorari is not filed after a court of appeals decision, the conviction is final when the time for filing the petition expired). Crews' conviction became final on July 25, 2011, when his time to file an appeal to the United States Court of Appeals for the Fourth Circuit expired. Thus, he had until July 25, 2012, to file a timely § 2255 motion. Crews did not file his federal habeas motion until nearly seven years after the statute of limitations expired. Therefore, Crews' § 2255 motion is untimely if considered under § 2255(f)(1).[3]

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Whiteside v. United States*, 755 F.3d 180, 184 (4th Cir. 2014) (*en banc*) (citations omitted). A petitioner seeking equitable tolling must demonstrate that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstances beyond his control stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner "bears a strong burden to show specific facts" which demonstrate that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

---

[3] Crews has not alleged grounds for the timeliness of his motion under §§ 2255(f)(2), (3) or (4).

In his motion (and including the claims brought in his amended motion), Crews asserts two related claims for relief. In his first motion, he asserts a single claim. Specifically, he argues that the court should "review" the sentence imposed and "either run its term concurrent with" his state sentence now being served, or "permit the petitioner to remain in state custody to satisfy completion of" his federal sentence. (Dkt. No. 62 at 7.) In his second motion, he first asserts the same basic ground for relief. (Dkt. No. 68 at 4.) Then, in his second claim, he contends that he received ineffective assistance of counsel at sentencing because counsel did not: (1) ask the court to run the federal sentence concurrent; or (2) inform Crews that he could ask for a "nunc pro tunc" designation of a state facility for service of his sentence, which would result in his state time being credited against his federal sentence. (*Id.* at 6.) He asks that the court grant the "nunc pro tunc" designation so he will receive credit against his federal sentence for time served in state custody. (*Id.* at 13.)

Crews argues his motions should be deemed timely because he "did not know" he could have his federal sentence run concurrent with state time and did not know about the possibility of a "nunc pro tunc" designation. (*Id.* at 4, 11.) However, these circumstances are not so extraordinary to warrant equitable tolling. As the Fourth Circuit has explained, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). In *Sosa*, the court rejected the petitioner's request for equitable tolling, noting that his "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control." *Id.* Likewise, Crews' ignorance about the possibility of having his sentences run concurrently is "neither extraordinary nor a circumstance external to his control." *See id.* Moreover, Crews has

4

not shown that he has been diligently pursuing his rights since his revocation sentence became final in 2011. Accordingly, I conclude that Crews has not demonstrated any ground for equitable tolling of the statute of limitations, and I will dismiss Crews' § 2255 motions as untimely filed.

III.

For the foregoing reasons, I will grant the government's motion to dismiss (Dkt. No. 64) and dismiss both of Crews' § 2255 motions (Dkt. Nos. 62, 68) as untimely. Crews is advised, however, that at the appropriate time he may seek a *nunc pro tunc* designation directly from the Bureau of Prisons. *Hardin v. United States*, No. 7:12-cv-01818-GRA, 2012 WL 3945314, at *2 (D.S.C. Sept. 10, 2012). If he properly exhausts his administrative remedies, and the Bureau of Prisons denies his request, then a district court may review that denial if Crews challenges it in a petition for habeas corpus under 28 U.S.C. § 2241. *Id.* at *2 & n.4.

An appropriate order will be entered.

**ENTER**: This 5th day of November, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE