CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
5/30/2023
LAURA A. AUSTIN, CLERK
BY: s/ C. Amos
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEWAYNE L. CREWS,<br><br>                *Defendant.* | CASE NO. 6:03-cr-70047<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

     Dewayne Crews moves to reduce his sentence to time served pursuant to § 404(b) of the Fair Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i). The Federal Public Defender has filed a supplemental motion on his behalf, and the Government opposes Crews' request for a sentence reduction. For the following reasons, the Court will grant in part and deny in part Crews' motions and reduce his term of imprisonment to 30 months.

## Background

     In March 2003, Crews was indicted by a Grand Jury and charged with two counts of distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Dkt. 83 ¶ 1. In September 2003, Crews pled guilty to Count Two of the indictment that stipulated he was responsible for more than 50 grams, but less than 150 grams of cocaine base. *Id.* ¶ 2. According to the Presentence Investigation Report ("PSR"), Crews was responsible for 54.7 grams of cocaine base, which corresponded to a base offense level of 32 in the Sentencing Guidelines at that time. *Id.* ¶ 9. He had a total offense level of 29 and a criminal history category of V, yielding a guidelines range of 140 to 175 months. *Id.* ¶ 58.

1

At sentencing in 2004, the Government's motion for substantial assistance was granted, allowing the Court to vary below the mandatory guideline range. Crews was sentenced to 88 months of imprisonment and four years of supervised release. Dkt. 24. In April 2008, Crews' sentence was reduced to 75 months under retroactive Guidelines Amendment 706. Dkt. 28. Crews was released from custody in September 2008. Dkt. 43-1 at 1.

In January 2011, Crews was arrested on an indictment issued by the Lynchburg Circuit Court charging three counts related to the distribution of cocaine and marijuana. Dkt. 43-1 at 2. In April 2011, he was convicted in state court and received a twelve-year sentence. *Id.* at 5. In July 2011, this Court found Crews had violated the terms of his supervised release by distributing and conspiring to distribute cocaine, possessing marijuana with the intent to distribute, possessing cocaine and marijuana, and failing to report to his probation officer that he had moved. Dkt. 44. This Court revoked his release term, determined he had committed a Grade A felony violation, and imposed a 52-month sentence. *Id.* Crews was returned to state custody where he served the related twelve-year sentence for the state convictions. On December 6, 2021, Crews was turned over to federal custody to serve his 52-month revocation sentence. Dkt. 89-1 at 1. He has a projected release date of August 15, 2025. *Id.*

## Section 404(b) of the First Step Act

### A. Legal Standard

The Fair Sentencing Act aims to reduce the sentencing disparity between sentences involving powder cocaine and those involving cocaine base or crack. *See* Fair Sentencing Act of 2010, Pub. L. 111-220, §§ 2–3, 124 Stat. 2372 (Aug. 3, 2010). In 2018, Congress passed the First Step Act, which gave these provisions retroactive effect. *See* First Step Act of 2018, Pub. L. No.

115-391, 132 Stat. 5194. In doing so, it allowed "prisoners sentenced before the Fair Sentencing Act . . . to petition the court for an individualized review of their case," and to bring such pre-2010 sentences "in line" with post-2010 sentences. *United States v. Chambers*, 956 F.3d 667, 670 (4th Cir. 2020) (citing Fact Sheet, Senate Comm. on the Judiciary, The First Step Act of 2018 (S. 3649)—as Introduced (Nov. 15, 2018)) (emphasis omitted).

The Fourth Circuit has held that First Step Act motions fall under 18 U.S.C. § 3582(c)(1)(B), which authorizes courts to "modify an imposed term of imprisonment to the extent otherwise permitted by statute." *See Chambers*, 956 F.3d at 671; *United States v. Wirsing*, 943 F.3d 175, 184–85 (4th Cir. 2019). In applying § 3582(c)(1)(B), courts "look to the underlying statute"—here, § 404(b) of the First Step Act—"to determine what it expressly provides." *Chambers*, 956 F.3d at 671.

Under § 404(b) of the First Step Act, sentencing courts may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." A "covered offense" is "a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *United States v. Collington*, 995 F.3d 347, 352 (4th Cir. 2021). A defendant is eligible for consideration of a sentence reduction when serving a term of imprisonment for a supervised release violation if the "original, underlying conviction was for a 'covered offense.'" *United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019).

District courts are tasked with the following in their resentencing determinations:

> First, district courts must accurately recalculate the Guidelines sentence range. Second, and relatedly, district courts must *correct* original Guidelines errors and apply intervening case law made retroactive to the original sentence. Third, the court must consider the § 3553(a) factors to determine what sentence is appropriate. Unlike sentence modification proceedings under § 3582(c)(2)—

> which limit use of the § 3553(a) factors to determining simply whether to reduce a sentence to within a predetermined range—we permit courts to use the § 3553(a) factors to more comprehensively shape sentencing decisions and even *depart downward* from the new Guidelines range.

*Collington*, 995 F.3d at 355 (emphasis in original); *see Dillon v. United States*, 560 U.S. 817 (2010) (holding that in determining eligibility for sentence reduction, the court should first consider whether the defendant is eligible for modification under the terms of the statute, and then, if the defendant is eligible, consider the 3553(a) sentencing factors).

Courts "must consider all nonfrivolous arguments for sentence reductions under the First Step Act based on changes in law or fact. But they are not required to reduce any sentence." *United States v. Reed*, 58 F.4th 816 (4th Cir. 2023) (citing *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022)).

### B. Eligibility under the First Step Act

The parties agree that Crews is eligible for consideration of a sentence reduction under § 404 of the First Step Act because the criminal conviction underlying his revocation sentence is a covered offense. Dkts. 76, 89, 90. In 2003, Crews was convicted of distribution of 50 grams or more of cocaine base under 21 U.S.C. § 841(b)(1)(A), and at that time, a violation of § 841(b)(1)(A) carried a mandatory minimum sentence of 10 years and a maximum of life imprisonment for an offense involving at least 50 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A). The conduct giving rise to Crews' conviction was committed before August 3, 2010, and the statutory penalties to which he was subject at the time of sentencing were modified by the Fair Sentencing Act. *See Wirsing*, 943 F.3d at 186 (holding violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) are eligible for relief under the Act).

Today, because his offense involved at least 50 grams or more of cocaine base, and not at least 280 grams, Crews' conviction would fall under 21 U.S.C. § 841(b)(1)(B), which carries a sentencing imprisonment range of 5 to 40 years. Based upon a total offense level of 21[1] and a criminal history category of V, his revised applicable guideline range for the conviction would be 70 to 87 months. In following what occurred during his prior 2004 sentencing, he also would have received an approximately 37% reduction in his underlying sentence for cooperation. In addition, a conviction under 21 U.S.C. § 841(b)(1)(B) is a Class B felony. *See* 18 U.S.C. § 3559(a)(2). Upon revocation of a term of supervised release for a Class B felony, the maximum sentence is 36 months. 18 U.S.C. § 3583(e)(3). Today, Crews' revised applicable guideline range for his supervised release violation would be 30 to 36 months. Thus, because he would face a shorter sentence for the cocaine offense and the revocation if he were sentenced today, he is eligible for a reduction of his 52-month revocation sentence under the First Step Act. *See Venable*, 943 F.3d at 194.

### C. Section 3553(a) Sentencing Factors

The Court next considers the 18 U.S.C. § 3553(a) factors in imposing a sentence that is "sufficient, but not greater than necessary," in accordance with the purposes of sentencing. The factors to consider under § 3553(a) are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

---

[1] This offense level includes all retroactive guideline reductions to U.S.S.G. § 2D1.1 enacted since Crews' sentencing. Thus, his base offense level would be 24 minus 3 for acceptance of responsibility.

5

>    (B) to afford adequate deterrence to criminal conduct;
>
>    (C) to protect the public from further crimes of the defendant; and
>
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

Turning first to the nature and circumstances of the offense, the Court notes that Crews breached the Court's trust when he distributed cocaine and marijuana while on supervision. This factor weighs against reducing his sentence below 30 months due to his recalcitrant behavior.

Moving next to Crews' history and characteristics, his criminal history category of V slightly overstates the seriousness of his criminal record because five of his scored criminal points were for the state offense of driving with a suspended license. *See cf. United States v. Campbell*, No. 7:08-cr-35, 2022 WL 1110342, at *3 (W.D. Va. Apr. 13, 2022). However, the Court notes that Crews still has a significant criminal history with convictions of assault and battery, possession of cocaine, attempt to elude a police officer, and distribution of cocaine. Dkt. 54 at 5–8; Dkt. 43-1 at 5.

Nonetheless, the Court believes Crews has shown personal growth while incarcerated. He has participated in regular programming, such as taking classes in public speaking, resume writing, career development, business, and poetry, and has worked in a factory job when possible. Dkt. 86-2; Dkt. 76 at 3. Accordingly, Crews' history and characteristics weigh in favor of reducing his sentence.

The next factors—the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate

deterrence to criminal conduct—weigh against reducing his sentence below 30 months, given Crews' drug distribution while on supervision.[2]

On balance, given that Crews breached the Court's trust by distributing drugs while on supervision but has taken actions toward rehabilitation, the Court believes that 30 months is an appropriate sentence for his revocation violation. A sentence of 30 months is "sufficient, but not greater than necessary" to meet the sentencing goals of punishment, deterrence, protection of the public, and rehabilitation underlying 18 U.S.C. § 3553(a).

### **Compassionate Release**

The Court next considers Crews' argument that the harsh conditions he has endured during COVID-19 prison lockdowns and sentencing disparities constitute "extraordinary and compelling" reasons to reduce his sentence. Dkt. 76 at 2–3; Dkt. 89 at 9.[3]

On a defendant's motion, a court may reduce the term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction," after the defendant has asked the Bureau of Prisons and fully exhausted administrative appeals following denial of the request.[4] 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking relief under § 3582(c)(1)(A) has the

---

[2] Crews argues that the sentencing factors weigh in favor of reducing his sentence to time served because he has experienced disproportionate penalties due to his race, has rehabilitated while incarcerated, and has a criminal history category that overstates the seriousness of his criminal record. Dkt. 89 at 6–9; Dkt. 76 at 3–4. The Court agrees that the factors weigh in favor of a sentence reduction, but not to the extent requested by Crews.

[3] In his motion, Crews briefly notes that he suffers from acid reflux, hypertension, and chronic depression. Dkt. 76 at 3. However, he does not provide any additional argument or attach any medical records to support his claim. As such, he fails to meet his burden of showing how his acid reflux, hypertension, and chronic depression constitute an "extraordinary and compelling" reason to reduce his sentence.

[4] The exhaustion requirement is met here. Crews claims to have exhausted his administrative remedies, Dkt. 89 at 9, and the Government does not object to his claim, Dkt. 90. *See United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021) (providing the exhaustion

burden of establishing that compassionate release is warranted. *United States v. Owens*, No. 7:08-cr-31, 2021 WL 4975273, at *2 (W.D. Va. Oct. 26, 2021). If a defendant has shown that "extraordinary and compelling" reasons support a sentence reduction, the Court must consider the applicable factors under 18 U.S.C. § 3553(a) to determine whether a reduction is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A). A district court has "broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021).

The Court first notes that harsh conditions of imprisonment related to COVID-19 are not, without more, sufficient to constitute an "extraordinary and compelling" reason for compassionate release. *United States v. Hall*, No. 04-cr-0323, 2022 WL 2105975, at *3 (D. Md. June 10, 2022); *see also United States v. Hatcher*, No. 18-cr-454, 2021 WL 1535310, at *3 (S.D.N.Y. Apr. 19, 2021) (granting compassionate release where a defendant proffered "a confluence of circumstances unique to her case—and beyond just the harsh conditions of incarceration occasioned by the pandemic"). Here, Crews claims that his facility is currently under modified COVID-19 operations and that he "cannot access treatment or programs." Dkt. 76 at 3. However, he fails to allege how these harsh conditions of imprisonment are unique to his case, and without more, he fails to establish an "extraordinary and compelling" reason for compassionate release. *See Hall*, 2022 WL 2105975, at *3.

Next, the Court considers Crews' argument that the disparity between the sentences he received in 2004 and 2011 and the ones he would receive today constitute an "extraordinary and compelling" reason for compassionate release. Dkt. 89 at 9. The severity of a sentence "combined with the enormous disparity between that sentence and the sentence a defendant

---

requirement is a "non-jurisdictional claim-processing rule," which "may be waived or forfeited" by the Government).

would receive today" can constitute an "extraordinary and compelling" reason for compassionate release. *United States v. McCoy*, 981 F.3d 271, 285 (4th Cir. 2020). Here, while Crews would face a shorter sentence for the cocaine offense and the revocation if he were sentenced today, the Court has already considered and found persuasive Crews' sentencing disparity argument and will grant him relief under § 404(b) of the First Step Act. Thus, Crews fails to meet his burden of showing an "extraordinary and compelling" reason to grant compassionate release.

## Conclusion

For the reasons above, the Court will grant in part and deny in part Crews' motions for a sentence reduction. Dkts. 76, 89. His term of imprisonment will be reduced to 30 months.

The Clerk of Court is directed to send this Memorandum Opinion to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service for delivery to the Bureau of Prisons.

Entered this  30th  day of May, 2023.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE